Parham *v.* Gibbs.

E. E. PARHAM *v.* J. P. GIBBS.

1. WRITTEN OPINION BY COURT. *Request for.* A request that the court "assign and give an opinion showing the conclusions of fact and law upon which judgment of the court is based," should be made upon the *trial* of the cause, or else it will not avail.

2. SUCCESSFUL PARTY. *Who is. Costs.* A plaintiff, who alone appeals from the judgment of a justice, and fails to recover any greater judgment in the appellate court than he did before the justice, is not a *successful party* within the meaning of the statute, and is not entitled to recover costs. *Stuart* v. *Henry*, 3 Baxt., 231, overruled.

FROM WEAKLEY.

Appeal in error from the Circuit Court of Weakley county. CLINTON ADEN, J.

H. H. BARR for Parham.

M. D. CARDWELL and C. M. EWING for Gibbs.

COOPER, J., delivered the opinion of the court.

The plaintiff sued the defendant before a justice of the peace upon an account of $31.55. He recovered a judgment before said justice for only $1.85 and costs. Being dissatisfied with the amount of the justice's judgment in his favor, he appealed to the circuit court, where the cause was tried by the judge without a jury, who rendered judgment in favor of the plaintiff, and against the defendant, for $1.85 and all costs of suit, the same judgment rendered by the justice, and being still dissatisfied, the plaintiff ap-

pealed to this court. The Referees have reported that the judgment should be affirmed, and the plaintiff alone has excepted to the report.

The record shows that during the term of the court at which the case was tried, but two days after the trial, the plaintiff requested the court to "assign and give an opinion showing the conclusions of fact and law upon which the judgment of the court is based," which the court refused and the plaintiff excepted, and this refusal is now assigned as error. This request came too late.

Section 3673 of the new Code provides, that "upon the trial of a question of fact by the court, the decision, if requested by either party, shall be given in writing, stating the facts found and the conclusions thereon, which shall constitute a part of the record": Old Code, sec. 2959. To have availed himself of this requirement, the plaintiff should have made his request upon the trial.

There is evidence to support the finding of the court, and it is not shown that he committed any error of law against the plaintiff, and hence the judgment must be affirmed.

It is insisted for the defendant, however, that the court erred in adjudging the costs of the circuit court against him, because, as he insists, he paid the costs that accrued before the justice, and made a tender of the amount of the judgment, which the plaintiff refused to accept.

The proof shows that after the rendition of the justice's judgment, what time is not stated, the defendant

paid the justice's costs, and on Saturday before the term of the circuit court, to which the appeal was taken, convened, he gave $1.85 to the clerk of the circuit court, to be paid to the plaintiff; and the clerk testifies that on Monday, the first day of the term, he offered this amount to the plaintiff, which he refused to receive. It is not shown that there was any tender of the amount of the judgment or payment of the costs to the plaintiff or the justice before the appeal was granted, or to the plaintiff before the term of the court to which the appeal was taken had commenced, nor was there then any tender of the costs which had accrued in the circuit court. There was no such tender as would relieve the defendant from the payment of costs—all else out of the way. But the plaintiff was dissatisfied with the amount of the judgment rendered in his favor, and appealed from it to the circuit court, and failed to recover in that court any larger amount than he had recovered before the justice, and , in which the defendant had acquiesced, and the question arises whether the complainant is entitled to recover the costs of the circuit court?

By section 3197, old Code, it is provided, that "the successful party, in all civil actions, is entitled to full costs, unless otherwise directed by law, for which judgment shall be rendered." Section 3219 provides, that "the law of costs shall be construed remedially." And section 3220 provides, that "if any case shall occur, not directly or by fair implication, embraced in the express provisions of the law, the

Parham *v.* Gibbs.

court may make such disposition of the costs as in its sound discretion may seem right."

In the case of *Stuart* v. *Henry*, 3 Baxt., 231, this court, construing section 3197 alone, held that a party plaintiff who appealed from a justice's judgment, and did not recover any larger judgment in the circuit court, was still a successful party, and that the costs followed the judgment. But in the case of *Williams* v. *Cosby*, 2 Heis., 644, construing this in connection with sections 3219 and 3220, it was held, precisely the same state of facts, that a plaintiff appealing and failing to recover any larger judgment, was not entitled to recover the costs of the circuit court, for the reason that he was not the successful party within the meaning of the section referred to. In that case, Chief Justice Nicholson said, "he failed to obtain judgment for any more than the judgment of the justice, which he had rejected. He failed to have the justice's judgment reversed. That was the object of his proceeding. In this he was unsuccessful. This makes a case for the sound discretion of the court. It does not fall expressly or by necessary implication, within the general rule," etc. And the judgment of the circuit court, adjudging the costs against the plaintiff, was affirmed.

Although this case was decided before the case of *Stuart* v. *Henry*, above referred to, it is not referred to or any notice taken of it in that case, and was not, we presume, called to the attention of the court. Upon a reconsideration of the question, we think the correct view of it was taken in the case of *Williams*

Railroad Company *v.* The State.

v. *Cosby,* above cited, and adhere to it, and hold that a party plaintiff who alone appeals from a judgment of a justice, and fails to recover any greater judgment in the appellate court than he did before the justice, is not a successful party within the meaning of the statute, and is not entitled to recover costs, and exercising the discretion which the circuit court should have exercised, judgment will be rendered here against the plaintiff for the costs of the circuit court, as well as of this court. The case of *Stuart* v. *Henry* is consequently overruled. We have frequently held that matters of costs which are in the discretion of the court, are not within the purview of the sixth section of the act of 1883, creating the commission of Referees, and need not be excepted to.